UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ELDRED CUBB, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CV 676 JMB |
| | ) | |
| DENISE BELTON, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM and ORDER

Plaintiff John Eldred Cubb filed an *ex parte* "abuse and stalking" petition in state court against his supervisor, Defendant Denise Belton, seeking a restraining order and other injunctive relief. Defendant filed a timely petition to remove the action to this Court and now moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to the Federal Rules of Civil Procedure 12(b)(l). (ECF No. 5) Plaintiff filed a Memorandum for the Clerk in opposition to the motion. (ECF No. 10) For the reasons set forth below, the Court will grant Defendant's motion.

## I. Background

A. *Procedural History*

On April 1, 2015, Plaintiff, an employee of the United States Postal Service ("USPS"), filed an "Adult Abuse/Stalking Petition for Order of Protection"" in the Circuit Court of St. Louis County, Missouri, alleging that during March of 2015, Defendant abused him in the workplace on three occasions. (ECF No. 2 at 7) Plaintiff asserts that Defendant took these actions in response to the February 20, 2015 resolution, in his favor, of an earlier grievance he filed against her. (*Id.*) On April 24, 2015, citing 28 U.S.C. § 1442, Defendant filed a petition to remove the case to this Court, pursuant to 28 U.S.C. 1446. (ECF No. 1) Thereafter, on April 29,

2015, Defendant moved, pursuant to Federal Rule of Civil Procedure 12(b)(l), to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. (ECF No. 5) Defendant asserts that, if Plaintiff s suit is construed as one arising under federal law, it is subject to dismissal for failure to exhaust required administrative remedies or, in the alternative, barred by the doctrine of sovereign immunity. The Court will construe Plaintiff's responsive pleading as opposition to the petition for removal as well as to the motion to dismiss.

B. *The Allegations*

Plaintiff alleges that, during December of 2013, he had a dispute with Defendant that ended with Plaintiff being escorted from the post office by the local police. (ECF No. 1-4 at 7) Following this incident, Plaintiff filed a grievance asserting that Defendant made a false claim about him to the police. On February 20, 2015, the grievance was resolved in Plaintiff's favor, and he was "reinstated, and made whole, in its entirety." (*Id.*) Plaintiff alleges that thereafter: (l) on March 5, 2015, Defendant spoke to him, "smirking;" (2) on March 12, 2015, Defendant walked up to him and intimidated him; and (3) on March 23, 2015, Defendant yelled at him from a distance in order to provoke him and then began to discipline him for insubordination. (ECF No.2 at 3) Plaintiff also alleges that Defendant continued to "walk pass me an speak [sic]" yelled at him from a distance, tried to discipline him with a "PDI for insubordination," and followed him in his work area while staring at him and intimidating him. (ECF No. 2 at 7) Plaintiff claims that these acts violate the arbitrator's judgment regarding his earlier grievance, (ECF No.2 at 3), and that as a result of these incidents, he does not feel safe "at work when [Defendant] enters the workroom floor/building." (ECF No. 1-4 at 7) He seeks a restraining order preventing Defendant from stalking him, entering onto the premises of his place of employment, coming within 300 feet of him, and communicating with him in any manner or through any medium. (ECF No. 2 at 3) Plaintiff further requests a court order directing Defendant to participate in an anger-

2

management program, pay court costs and attorney's fees and requiring the USPS to investigate the matter. (*Id.* at 4)

Recognizing that Plaintiff is proceeding *pro se*, the Court interprets his claim liberally. The Court notes that Plaintiff also generally alleges "abuse" and cites a Missouri statute, Mo. Rev. Stat. § 455.010 as the basis for his claim. Plaintiff's allegations relate only to conduct within the workplace, and he seeks injunctive, but not compensatory, relief.[1]

## II. Discussion

### A. *The Propriety of the Removal*

Defendant cites 28 U.S.C. § 1442(a)(l), the federal officer removal provision, as the basis for removal here. Section 1442 allows for removal to a federal forum of any civil or criminal action against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(l). "Four elements are required for removal under § 1442(a)(1): (1) a defendant has acted under the direction of a federal officer; (2) there was a causal connection between the defendant's actions and the official authority; (3) the defendant has a colorable federal defense to the plaintiff's claims; and (4) the defendant is a 'person,' within the meaning of the statute." *Jacks v. Meridian & Res. Co.,* LLC, 701 F.3d 1224, 1230 (8th Cir. 2012) (citing *Dahl v. R.J Reynolds Tobacco Co.*, 478 F.3d 965, 967 n. 2 (8th Cir.2007)).

For purposes of this removal provision, an act is considered "under the color of office" if the defendant can show a "causal connection between the charged conduct and asserted official authority." *Willingham v. Morgan*, 395 U.S. 402, 409 (1969) (internal quotation omitted).

---

[1] Plaintiff makes no allegations with respect to Defendant's citizenship or amount in controversy. Therefore, there is no indication that the Court might exercise subject matter jurisdiction here on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332.

"While not limitless, '[t]he words acting under are broad,' and the Supreme Court 'has made clear that the statute must be liberally construed.'" *Jacks,* 701 F.3d at 1230 (quoting *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007) (internal quotation omitted)). The third element is satisfied when a "plausible" federal defense is raised. *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001) (citing *Willingham*, 395 U.S. at 406-07) ("it need only be plausible; § 1442(a)(l) does not require a court to hold that a defense will be successful before removal is appropriate"). The fourth element is satisfied when the party being sued is a natural person. *C.H. v. American Red Cross*, 684 F. Supp. 1018, 1023 (E.D. Mo. 1987).

Applying these factors, the Court first notes that the first, second and fourth elements are satisfied here. Defendant is a natural person and an employee of the USPS, which is in turn "an independent establishment of the executive branch of the Government of the United States,'" 39 U.S.C. § 201. As a manager for the USPS, Defendant is, or acts under the direction of, a federal official or officer of the United States. *See Dolan v. United States Postal Serv*., 546 U.S. 481 (2006) (holding that USPS workers are agents of the United States), *questioned on other grounds in Ali v. Federal Bureau of Prisons,* 552 U.S. 214, 224 (2008). In addition, Plaintiff's allegations relate solely to acts occurring in the workplace. Therefore, they concern acts taken by Defendant under the "color of such office" and have a causal connection to her exercise of official authority. *Willingham*, 395 U.S. at 409.

With respect to the requirement that the removing party raise a plausible federal defense, the Court notes that Defendant has asserted sovereign immunity in her motion to dismiss.[2] (ECF.

---

[2] Defendant did not raise a federal defense in her Notice of Removal, but asserts the defense of sovereign immunity in her motion to dismiss. In the interest of judicial efficiency, reviewing courts are permitted to consider timely, related motions as proper supplements to a petition for removal. *See Willingham*, 395 U.S. at 407 n.3. In addition, the Court notes that non-substantive amendments to a petition for removal are permitted within thirty days of filing. Under either rationale, consideration of the federal defense is proper here. *See* 28 U.S.C. § 1653;

No. 5 at 5) And, the defense is certainly "plausible" given the fact that absent a waiver, "the Postal Service enjoys the protection of federal sovereign immunity." *Dolan*, 546 U.S. at 484; *see also An Attorney at Law v. Stuart (In re Charges of Unprofessional Conduct Against 99-37)*, 249 F.3d 821, 824-25 (8th Cir. 2001) (upholding the propriety of removal where the defendant raised sovereign immunity as a federal defense).

On the basis of the foregoing, the Court concludes that the prerequisites for application of the federal officer removal provision are present here. Therefore, the action was properly removed to this Court.

B. *Subject Matter Jurisdiction*

A motion to dismiss for lack of subject matter jurisdiction may challenge either the facial validity of a plaintiff's complaint or the factual truthfulness of the allegations. *See Titus v. Sullivan*, 4 F.3d 590, 593 & n. l (8th Cir. 1993). Here, Defendant brings a facial challenge, asserting that, even if truthful, the facts alleged are insufficient to establish jurisdiction. In addressing a facial challenge, the Court reviews the pleadings alone, accepts the allegations as true, and draws any inferences in favor of the non-moving party. *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir.1990); *see also Nickless v. St. Gobain Containers*, No. No. 4:1 l-CV-1514 CAS, 2012 WL 1414849, at* 3 (E.D. Mo. Apr. 24, 2012).

1. Exhaustion

Plaintiff seeks injunctive relief for wrongs arising out of his federal employment. Construed broadly, these allegations assert claims that may be cognizable under two federal statutes; Title VII, 42 U.S.C.§ 2000e(5); and the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 7501, *et. seq*.

---

*Mathews v. Di*az, 426 U.S. 67, (U.S. 1976).

Each of these statutes requires the exhaustion of administrative remedies prior to the initiation of suit in federal court. Statutes requiring exhaustion of administrative remedies may be jurisdictional or nonjurisdictional. *Bartlett v. U.S. Dept. of Agriculture*, 716 F.3d 464, 472 (8th Cir. 2013). If a statute is jurisdictional, a court cannot excuse or waive the exhaustion requirement and a party's failure to exhaust bars review. *Id.* By contrast, a non-jurisdictional statute codifies the common law exhaustion principle under which exhaustion of administrative remedies is favored, but may be excused by a limited number of exceptions to the general rule. *Id.* Courts in the Eight Circuit recognize three exceptions to the exhaustion requirement: futility, inability of the administrative remedies to provide adequate relief, and the establishment of an agency policy or practice of general applicability that is contrary to law. *J.B. ex rel. Bailey v. Avilla R-XIII School Dist.*, 721 F.3d 588, 594 (8th Cir. 2013).

Title VII requires that, before a plaintiff can bring suit in court to allege unlawful discrimination, he must file a timely administrative charge with the EEOC or a state or local agency with authority to seek relief. 42 U.S.C. § 2000e–5(e)(1); *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir.1994)). Nothing in the record indicates that Plaintiff has taken any steps to exhaust his administrative remedies under Title VII.

Similarly, relief under the CSRA is restricted to "[a]ny employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board [MSPB]." 5 U.S.C. § 7703. There is no indication on the current record that Plaintiff has pursued his MSPB remedies with respect to the claims asserted here. The earlier

grievance he references was resolved in his favor and cannot therefore constitute exhaustion of his current claims. *Cf. Richter*, 686 F.3d at 850.

Finding no indication that Plaintiff has exhausted his administrative remedies as required under either Title VII or CSRA, or that the exceptions to the exhaustion requirement apply, the Court concludes that it lacks authority to address his allegations in the context of either statute. *See Bartlett*, 716 F.3d at 472.

### 2. Sovereign Immunity

Two recent decisions, involving facts similar to those alleged here, address the question of sovereign immunity in this context. *See Hendy v. Bello*, 555 F. App'x 224 (4th Cir .2014); *Grace v. Hughes*, No. 4:14-CV-1771 (CEJ), 2014 WL 7333845, at *2 (E.D. Mo. Dec. 19, 2014). In *Hendy*, a postal employee filed a state-court petition for a peace order restraining her supervisor from contacting her or going to their mutual workplace. *Hendy,* 555 F. App'x at 224. The district court dismissed the claim for lack of subject matter jurisdiction and the Fourth Circuit affirmed, agreeing with the district court that there was no waiver of sovereign immunity. *Id*. at 225-26. The appellate court observed that a suit against a government officer in his official capacity is really "a suit against the official's office," and therefore, that officers acting within their authority are generally entitled to sovereign immunity. *Hendy*, 555 F. App'x at 226 (citation omitted). The appellate court reasoned that the employee's suit could proceed only if Congress had waived sovereign immunity on these facts, and noted that the two possible sources of such a waiver were the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and The Postal Reorganization Act of 1970, 39 U.S.C. § 101 *et seq*. ("PRA").

*Grace* also involved a postal employee who had filed an *ex parte* petition for an order of protection against the defendant, her supervisor, seeking to restrain him from, among other

things, entering her place of employment. In granting the defendant's motion to dismiss for lack of subject matter jurisdiction, the Honorable Carol E. Jackson, United States District Judge, of this District adopted the Fourth Circuit's reasoning in *Hendy* with respect to the question of sovereign immunity. *Grace*, 2014 WL 7333845, at *2.

Having reviewed *Hendy* and *Grace*, and considered the striking similarity of the facts in all three cases, this Court also adopts the reasoning set forth in *Hendy* and followed in *Grace* and concludes that neither the FTCA nor the PRA constitutes a waiver of sovereign immunity for the wrongs Plaintiff alleges and the relief he seeks.

To summarize that reasoning, the Court first notes that the FTCA applies only to suits for money damages, and thus does not operate as a waiver of immunity for a suit seeking injunctive relief. *Hendy*, 555 F. App'x at 226 (citing 28 U.S.C. § 1346(b)). The PRA authorizes the Postal Service "to sue and be sued in its official name," 39 U.S.C. § 104(1), but that language is not deemed an absolute waiver of sovereign immunity. The PRA "do[es] not waive sovereign immunity for types of suits that are 'not consistent with the statutory or constitutional scheme;' or (2) when 'necessary to avoid grave interference with the performance of a governmental function;' or (3) for other reasons that demonstrate congressional intent to apply the sue and be sued clause narrowly." *Hendy*, 555 F. App'x at 226 (quoting *Loeffler v. Frank*, 486 U.S. 549, 554-55 (1988)). In this case as in *Hendy* and *Grace*, the first two exceptions apply and there is no waiver of sovereign immunity because allowing a state-law injunction to prevent a federal employee from coming to work "is inconsistent with the principle of federal supremacy" and "would disturb the federal agency's internal functions." *Hendy*, 555 F. App'x at 226. Thus, on these facts there is no waiver of sovereign immunity under either the FTCA or the PRA, and the Court lacks subject matter jurisdiction over Plaintiff s complaint under these statutes.

8

Having determined that the principles of exhaustion and sovereign immunity preclude suit under the federal statutes that might provide Plaintiff a basis for the relief he seeks, the Court concludes that it lacks federal subject matter jurisdiction over Plaintiff's claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss for lack of subject is **GRANTED**. (ECF No. 5)  A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this   6th   day of July, 2015.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE